OPINION
{¶ 1} Defendant-appellant Theodore Blausey ("Blausey") brings this appeal from the judgment of the Tiffin Municipal Court finding him guilty of domestic violence.
 {¶ 2} On July 27, 2004, two deputies from the Seneca County Sheriff's Office responded to a call concerning a potential suicide by Blausey. The deputies spoke to Blausey and his wife, Katrina Blausey ("Katrina"). During the investigation, the police learned that Blausey had struck Katrina several times on the left side of her head causing her left ear to bleed. The officers received written and oral statements from Katrina and an oral admission from Blausey that he had struck Katrina in the head with his open hand and his fist. The deputies arrested Blausey and contacted mental health professionals due to statements that Blausey had made concerning doing harm to himself.
 {¶ 3} On July 28, 2004, Blausey was arraigned on the domestic violence charges. Blausey entered a plea of no contest and was subsequently found guilty. Immediately following the finding of guilt, Blausey was sentenced to 30 days in jail with 28 days suspended and a $50 fine. Blausey was also placed on community control sanctions for one year. On August 23, 2004, Blausey filed a motion to withdraw his no contest plea. The motion was denied by the trial court on August 24, 2004. On August 26, 2004, Blausey filed a second motion to withdraw his guilty plea. The second motion was denied on August 30, 2004. Blausey appeals from these decisions and raises the following assignments of error.
The trial court erred to the prejudice of [Blausey] when it accepted[Blausey's] no contest plea which was not entered knowingly, voluntarilyand intelligently or in accordance with Criminal Rule 11.
 The trial court erred to the prejudice of [Blausey] when making afinding of guilty after a no contest plea without an explanation ofcircumstances of the offense which supported a domestic violenceconviction which was against the manifest weight of the evidence.
 The trial court erred in overruling [Blausey's] motion to withdraw hisplea.
 {¶ 4} This court notes that the appeal is taken from the denial of the motion to withdraw the plea of no contest. The motion to withdraw was filed after sentencing had occurred. "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Thus, in order to prevail in this appeal, Blausey must show that a manifest injustice has occurred.
 {¶ 5} In the first assignment of error, Blausey claims that the trial court erred by accepting his plea of no contest. Blausey argues that he was in no mental state to understand the proceedings that day and that the trial court did not readvise him of his right to an attorney. At the arraignment, the following statements occurred.
The Court: When your name is called and you're asked how you wish toproceed in your particular case there's several options that you canexercise.
 You may plead not guilty, which is a complete denial of the charge.
 You may plead guilty, which is a complete admission of the charge.
 You may plead no contest, which is not an admission of guilt, but is anadmission of the truth of the facts as alleged in the face of thecomplaint or the citation. Unlike the other pleas, a plea of no contestcan't be used against you in a subsequent civil or criminal proceeding.
* * *
If you plead guilty or no contest I'll try to dispose of your caseimmediately.
* * *
If you plead not guilty, your case will be scheduled for trial at alater date which is convenient for both you and for the prosecutor.
 Now, before you enter a plea, you should be informed that you have aright to hire an attorney even if you intend to plead guilty or nocontest at a later time. And, you have a right to a reasonablecontinuance of this arraignment here today in order to speak with andhire an attorney.
 In any case for which you could be imprisoned you have a right to havean attorney assigned to represent you, if you can demonstrate that youcannot afford to hire one.
 You have a right to remain silent at any point in this proceeding and,any statement that you make can and may be used against you.
 You have a right to a trial by jury, except in minor misdemeanorcases. But, in order to do that you must file with the court a writtendemand for a jury trial within the proper time limit.
* * *
Mr. Palau: Good morning, Your Honor. Theodore Blausey. Mr. Blausey,this is case number 04-CRB-820 this is a complaint filed by DeputyRettig, states that you, Theodore Blausey * * * on or about July 27, 2004did unlawfully, knowingly, cause or attempt to cause physical harm to afamily or household member. This is in violation of Section 2919.25(A) ofthe Ohio Revised Code. It is a misdemeanor of the first degree with amaximum possible penalty of up to six months in jail to a thousand dollarfine. It does carry with it a mandatory weapons disability. It is alsoenhancable offense.
* * *
The Court: How are you today?
 Mr. Blausey: Pretty Good.
 The Court: Good. Let me — let me just finish up a couple of thingsreally quick, okay? What I'm doing is writing down the penalties, themaximum possible penalties and any mandatory minimum penalties.
 Part of my job as the Judge here today is not only to inform you ofrights and plea options, but it's also to make sure that you understandwhat you've been charged with and also what you're looking at, what themaximum possible penalty is and any mandatory minimum penalty either bythe way that the statute is written or my interaction with any laws, solet me — let me just finish up.
* * *
The Court: Mr. Blausey, I have in front of me this complaint. Did youget a copy of it?
 Mr. Blausey: Yes.
 The Court: Okay. Let me ask you, did you read it over.
 Mr. Blausey: Yeah.
 The Court: Do you understand what you've been charged with?
 Mr. Blausey: Hm-hmm.
 The Court: Okay. What's that? I don't need fancy legal terms what's it— you tell me. What have you been charged with?
 Mr. Blausey: Losing control.
 The Court: Okay. Uhm —
 Mr. Blausey: Simply stated.
 The Court: Okay. Uhm, with a family or household member.
 Mr. Blausey: (Inaudible.)
 The Court: Do you understand what the maximum possible penaltyfor that offense is?
 Mr. Blausey: Yes.
 The Court: Okay. What's that?
 Mr. Blausey: It's six months in jail and a thousand dollar fine.
 The Court: Right. It — it's a very serious offense.
 Mr. Blausey: Hm-hmm.
 The Court: It's the most serious level of offense, misdemeanor of thefirst degree that this Court can deal with. Okay? Any questions about thecharge or the maximum possible penalty?
 Mr. Blausey: No.
* * *
The Court: All right. Ted, you also understand there's a mandatory —there are a couple other things that go along with this charge, thisdomestic violence charge as it's called in the law. There is if you wouldplead guilty or found guilty you'd be placed under a permanent weaponsdisability. Do you know what that means?
 Mr. Blausey: No.
 The Court: No guns. Can't own a weapon, can't buy a weapon, can't —it's — it's a absolute prohibition, okay? And if you have any guns — so,I always say that, uh — that, uh, Luger that your grandpa pulled off aNazi officer in World War II and he gave to you, you have to get rid ofit, no weapons.
 Mr. Blausey: (Inaudible.)
 The Court: Okay. Also, if you would be charged with —
 Mr. Blausey: Now, is that for life or is that for —
 The Court: It's a — it's a lifetime prohibition although, you canpetition the Common Pleas Court to have privileges to — to — to have thatdone. But that's not something I — I do here.
 Mr. Blausey: (Inaudible.)
 The Court: Then, also the — the other thing is if you would ever becharged with another domestic violence case, okay?
 Mr. Blausey: Hm-hmm.
 The Court: It would be a felony. Okay?
 Mr. Blausey: (Inaudible.)
 The Court: Any questions about that?
 Mr. Blausey: No.
 The Court: Uhm, any questions about the charge, the maximum possiblepenalty or the mandatory minimum penalty?
 Mr. Blausey: No.
 The Court: Ted, when I first came out did you hear me when I was goingover your rights?
 Mr. Blausey: Yes.
 The Court: Did you understand those rights as I explained them?
 Mr. Blausey: Yes.
 The Court: Any questions about the charge, the penalty, or what youroptions are here today?
 Mr. Blausey: No.
 The Court: Okay. Ted, what do — what do you wanna do?
 Mr. Blausey: I guess, no contest.
 The Court: Well, I — I mean —
 Mr. Blausey: (Inaudible.)
 The Court: If — if you wanna enter a plea — if you're not sureyou wanna talk to an attorney I can continue it —
 Mr. Blausey: No, there's no —
 The Court: — so you can talk to an attorney.
 Mr. Blausey: I lost control and it was uncalled for. And I don't seewhere there's any —
 The Court: All right. We'll — we'll talk a little bit more about it.
 Now, before I can accept your plea of no contest there are a couple ofthings that we have to do but, I have to ask you this kind've insultingquestion. I don't mean it to be insulting but it kinda comes off thisway. Can you read and write the English language?
 Mr. Blausey: Yes.
 The Court: Okay, I'm gonna hand you what's known as a Written Waiver ofRights and Plea. What it has in it is a lot of information about whatyour rights are. Okay? We got so many rights in this country, you know,we can't keep them all straight. It's my job to make sure that you —you're made aware of them. And, if you wanna waive them that's fine. I'mnot here to stop you. I'm not here to make ya, you know, it's — it's —this is truly free will. This is absolutely up to you. If you wanna entera plea, that's fine. But if — in order to do that I need to make surethat you understand what those rights are and that you're doing it in aknowingly, voluntarily, and intelligent fashion. Okay? If you can.
 Now, Lieutenant Ekleberry has handed you that Written Waiver of Rightsand Plea and a pen. What I want you to do, Ted, is to read that over. Ifyou have any questions about anything that's in there ask me and I'll tryto explain it to you as best I can.
 Or, in the alternative, if you should decide, gee, maybe I need to takesome time to talk to an attorney or decide how I wanna proceed, that'sfine. I'll take it, I'll tear it up, and we'll proceed with your case.
 If you do wanna proceed with your plea here today you need to read thatover, you need to understand what it says. Then, the lower right handcorner, see Ted, where it says guilty, no contest, not guilty?
 Mr. Blausey: Hm-hmm.
 The Court: You need to circle the plea down there that you wannaenter, sign your name where it says defendant, and date it with today'sdate, today July 28th, 2004. Deputy or, uh, Lieutenant Ekleberry willsign where it says witness. Okay?
 Mr. Blausey: Okay.
 The Court: Take all the time you need to read it over. And we're gonnatake some time, just so you know, Ted, afterwards to talk about this.
 Mr. Blausey: Okay.
 The Court: All right. Ted, I have in front of me this Written Waiver ofRights and Plea. Is that your signature down there?
 Mr. Blausey: Yes.
 The Court: Did you get a chance to read this over?
 Mr. Blausey: Yes.
 The Court: Do you understand what it says?
 Mr. Blausey: Yes.
* * *
The Court: First of all, do you understand that you're waiving yourright to an attorney, and if you cannot afford an attorney one could beappointed to represent you? But by signing this document and entering thisplea you waive that right, do you understand that?
 Mr. Blausey: Hm-hmm.
* * *
The Court: Couple other things very, very important. First of all, thissays there, uh, is, you know, uh, permanent weapons disability in thisparticular case. You understand that if you would be charged with asubsequent; that is, another domestic violence case in your lifetime,that case would be a felony, do you understand that?
 Mr. Blausey: Hm-hmm.
 The Court: You'd be over in Common Pleas Court, do you understandthat?
 Mr. Blausey: Hm-hmm.
 The Court: Do you still wish for the Court to accept your WrittenWaiver of Rights and Plea and accept your plea of no contest?
 Mr. Blausey: (Inaudible.)
 The Court: Based on our conversation in open Court, and based upon yourwritten waiver of rights and plea, I'm gonna deem that you knowingly,voluntarily, and intelligently waived your rights, and I'll accept yourplea of no contest.
 Okay. I wanna hear your side of the story. Go ahead.
Tr. 3-14.
 {¶ 6} Blausey argues in his appellate brief that he did not understand the proceedings, that he did not understand the weapons disability penalty, that he did not understand that this charge could be used to enhance future domestic violence offenses, and that he was not readvised of his right to counsel. However, the transcript indicates that Blausey was repeatedly informed of his rights and of the mandatory penalties associated with the charge. After continuous dialogue with the trial court, Blausey chose to waive his rights and to enter a plea of no contest. The record does not indicate in any way that Blausey was unaware of the charges or the consequences of a no contest plea. Thus, the trial court did not err in accepting the no contest plea. The first assignment of error is overruled.
 {¶ 7} Blausey's second assignment of error alleges that the finding of guilt was against the manifest weight of the circumstances and did not include an explanation of circumstances. The trial court cited to the officer's report, which was notarized and included a written statement signed by Katrina. The report states that Deputy Rettig arrived on the scene to see Katrina with "a moderate quantity of blood on her left side of her face, neck, and ear area." Report. The deputy asked Katrina how she had gotten injured and was told that Blausey had "hit her in the head a few times." Id. While questioning Blausey, he admitted that he had hit Katrina. Id. The written statement of Katrina was that "[Blausey] started to throw things at me then hit me with open hands then fists. I'm not sure how many times he hit me maybe 20 or 30 times at a couple of points." Id. Katrina also wrote that Blausey had threatened to "go shoot someone to get arrested." Given this evidence, the guilty finding on the charge of domestic violence was not against the manifest weight of the evidence. The second assignment of error is overruled.
 {¶ 8} Finally, Blausey claims that the trial court erred in overruling [Blausey's] motion to withdraw his plea. As stated earlier, a motion to withdraw a plea made after sentencing may only be granted to cure a manifest injustice. In this case, Blausey told the trial court that he had read the complaint and that he understood it. After the trial court informed him of all his rights, the maximum penalties, and the mandatory penalties, Blausey told the trial court that he understood all those things. The trial court gave Blausey several opportunities to change his mind, but Blausey chose to enter a plea of no contest. The fact that Blausey now claims he did not understand the proceedings, that he had not read the complaint, and that he was mentally incapable of understanding the proceedings does not create a manifest injustice. The record reveals that Blausey responded to the trial court's questions and even asked questions himself. The trial court asked Blausey to explain what he was told in his own words, which Blausey did. Thus, there is no evidence that Blausey's plea was not voluntarily, intelligently, and knowingly made. No manifest injustice has occurred which needs to be cured. Therefore, the trial court did not err in denying the motion to withdraw the plea.
 {¶ 9} The judgment of the Tiffin Municipal Court is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.